IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE STOKES,

    Plaintiff,

v.                                             Civil No. 25-557-BAH

NATIONAL FOOTBALL LEAGUE,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff Maurice Stokes ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.[1]

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th

---

[1] The Court notes that there is an outstanding "deficiency notice" on the docket noting that Plaintiff's complaint fails to include required signatures and also noting that Plaintiff's application to proceed in forma pauperis ("IFP") lacks required documentation. *See* ECF 4. Since the Court is dismissing Plaintiff's claim as frivolous, it will not wait for Plaintiff to cure these deficiencies which are unrelated to the merits of the complaint (or lack thereof). The Court will, for purposes of this case only, grant Plaintiff's IFP motion without requiring additional documentation.

Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Plaintiff's complaint includes some interesting suggestions related to compensation for athletes, lauds select members of the Philadelphia Eagles football team, and appears to invite the Heisman Trophy winner and several of his teammates to play football in Delaware. *See* ECF 1. It is, however, frivolous on its face and cannot be cured by amendment.

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As such, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* As noted, even construing the complaint liberally, Plaintiff offers little more in his complaint beyond suggestions for improving professional football and thus fails to state a claim for which this Court could grant relief.

The allegations raised in Plaintiff's complaint are frivolous, fail to state a claim, and must be dismissed. The Court notes that Plaintiff is a frequent filer of complaints in this District, many of which appear to be frivolous or fail to state a claim. As such, he is at risk of being prohibited

from proceeding in forma pauperis in any future civil action he files in federal court, *see* 28 U.S.C. § 1915(g), or of being subject to a pre-suit injunction.

Accordingly, it is this 26th day of February, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. Plaintiff's complaint (ECF 1) is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

4. The Clerk is directed to close this case.

                                                    _____/s/_____
                                                    Brendan A. Hurson
                                                    United States District Judge